### KELLOW *et al.* v. McCAW *et al.*

(*City Court of Brooklyn, General Term.* April 27, 1891.)

REVIEW ON APPEAL.
Where the only question at issue in a cause is submitted without exception by either party, the verdict of the jury will not be disturbed where there is evidence to sustain it.

Appeal from trial term.

Action by Joseph Kellow and others against William J. McCaw and Samuel Coombs. Plaintiffs appeal from a judgment for defendants entered on a verdict, and from an order denying a motion for a new trial.

Argued before WAN WYCK and OSBORNE, JJ.

*George A. Mott*, for appellants. *Charles Bradshaw*, for respondents.

OSBORNE, J. Plaintiffs brought this action to recover the amount of a certain promissory note made by the defendant McCaw to the order of, and indorsed by, the defendant Coombs. The defense was that the note was an accommodation note, which plaintiffs had agreed to discount or procure to be discounted, and give the proceeds to the maker, which they have failed to do; and that plaintiffs had never parted with value for the note, and were not the legal owners and holders thereof. It appeared from the evidence on the trial that the defendant Coombs was indebted to the defendant McCaw in the sum of $125, (the amount of the note in suit,) and that McCaw gave the note to Coombs to get discounted, and return to him the proceeds, Coombs to pay the note at its maturity. It further appeared that Coombs was also indebted to plaintiffs in about $128, and that he applied to them to discount the note. Plaintiffs were, in the first instance, informed by McCaw that the note was a good business note. McCaw, however, subsequently sent word to plaintiffs that the note was an accommodation note. Plaintiffs had the note discounted by their bank, and credited Coombs to the amount thereof on his account with them. The only question in dispute was as to whether plaintiffs were notified that the note was accommodation paper before they procured it to be discounted. Counsel on both sides admitted, at the close of the evidence, that this was the only question left for the jury to determine. The learned trial

judge accordingly submitted this question to the jury, charging them that, if McCaw informed plaintiffs that the note was without consideration before they had put it to the credit of Coombs, plaintiffs could not recover; but that, if such notice was not until after plaintiffs had credited the account of Coombs, the verdict must be in favor of the plaintiffs. No exception was taken to this disposition of the case by either counsel. The jury have found a verdict for the defendants, and there is evidence to substain such finding. There is accordingly nothing left for us to review on this appeal. The judgment and order denying motion for a new trial must be affirmed, with costs.